# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Dwan Everett ) | |
| ) | |
| Plaintiff, ) | Case No.: 22-cv-1589 |
| ) | |
| v. ) | COMPLAINT FOR |
| ) | VIOLATION OF CIVIL RIGHTS |
| The City of Chicago, and Chicago Police ) | |
| Detective R. Hopps, Star No. 21218, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**JURY DEMANDED**

**JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**PARTIES**

3. At all times herein mentioned, Plaintiff Dwan Everett was and is a citizen of the United States and was within the jurisdiction of this court.

4. At all times herein mentioned, Defendant R. Hopps, Star No. 21218 ("Hopps"), was employed by the Chicago Police Department as a police officer and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

5. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the Chicago Police Department. At all relevant times the City of Chicago was the employer of Ewing.

## FACTUAL ALLEGATIONS

6. On or about July 25, 2021, Plaintiff was lawfully located in a public place, near the intersection of Drexel and 45th Street, City of Chicago, County of Cook, State of Illinois.

7. At that place and time and place currently unknown officers seized Plaintiff, handcuffed Plaintiff, and transported him to a Chicago Police facility.

8. There was no legal cause for unknown officers to seize Plaintiff.

9. After arriving at a Chicago police facility Plaintiff was detained.

10. Defendant Hopps participated in and/or ordered Plaintiff's detention inside the Chicago Police Facility with the knowledge that there was not probable cause to detain Plaintiff.

11. No arrest warrant had been issued directing or authorizing the arrest or detention of Plaintiff.

12. Plaintiff did not consent to this detention.

13. After Plaintiff had been detained in police custody for several hours, he was issued multiple traffic tickets.

14. There was not legal cause to issue Plaintiff any traffic tickets.

15. Plaintiff was eventually released from police custody without any charges.

16. By reason of the above-described acts and omissions of Hopps and unknown officers, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and

suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

17. The aforementioned acts of Hopps and unknown officers were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiffs' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

18. By reason of the above-described acts and omissions of Hopps and unknown officers, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of their rights. By reason thereof, Plaintiff requests payment by Defendants, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### Plaintiff Against Hopps For
### UNLAWFUL SEIZURE

19. Plaintiff hereby incorporates and realleges paragraphs one (1) through eighteen (18) hereat as though fully set forth at this place.

20. By reason of Hopps' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

21. The seizure and prolonged detention of Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law. These acts were in violation of Plaintiff's Fourth and/or Fourteenth Amendment rights. Therefore, Defendant is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
### Plaintiff against Defendants Hopps and the
### City of Chicago for
### FALSE IMPRISONMENT

22. Plaintiff hereby incorporates and realleges paragraphs one (1) through eighteen (18) hereat as though fully alleged at this place.

23. Defendant Hopps and unknown officers committed the tort of false imprisonment when they caused Plaintiff to be physically restrained without his consent for several hours. Defendant Hopps and the unknown officers physically restrained Plaintiff in this manner without any reasonable grounds to believe Plaintiff had committed any offense.

24. The City of Chicago is liable to Plaintiff for the acts of Hopps and unknown officers pursuant to the doctrine of *respondeat superior*.

25. As a result of these acts and/or omissions Plaintiff was damaged, and Hopps and the City of Chicago are all liable under the supplemental state law claim of false imprisonment.

## COUNT III
### INDEMNIFICATION PURSUANT TO 745 ILCS 10/9-102
### AGAINST DEFENDANT CITY OF CHICAGO

26. Plaintiff re-alleges and incorporates the allegations of paragraphs 1 through twenty-five (25) hereat as though fully set forth at this place.

27. The acts of Hopps and unknown officers were committed in the scope of their employment with the Defendant City of Chicago.

28. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-402, Defendant City of Chicago is liable for any judgments for compensatory damages in this case arising from the actions of Hopps and unknown officers.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, request judgment against the Defendants as follows:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants be required to pay Plaintiffs' attorney's fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than the City of Chicago be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff has such other and further relief as this Court may deem just and proper.

BY: s/Garrett Browne

ED FOX & ASSOCIATES, Ltd.
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: s/Garrett Browne

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efox-law.com