IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Dwan Everett | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 22-cv-1589 |
| | ) | |
| v. | ) | AMENDED COMPLAINT FOR |
| | ) | VIOLATION OF CIVIL RIGHTS |
| The City of Chicago, Chicago Police | ) | |
| Detectives R. Hopps, Star No. 21218, A. | ) | |
| Davis, Star No. 21103, J. McCabe, Star | ) | **JUDGE BUCKLO** |
| No. 20547, and Police Officer R. Cuellar | ) | |
| De La Cruz, Star No. 7661, | ) | |
| | | **JURY DEMANDED** |
| Defendants. | | |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff Dwan Everett was and is a citizen of the United States and was within the jurisdiction of this court.

4. At all times herein mentioned, Defendant R. Hopps, Star No. 21218 ("Hopps"), was employed by the Chicago Police Department as a police officer and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in her individual capacity.

5. At all times herein mentioned, Defendant A. Davis, Star No. 21103, ("Davis"), was employed by the Chicago Police Department as a police officer and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

6. At all times herein mentioned, Defendant J. McCabe, Star No. 20547, ("McCabe"), was employed by the Chicago Police Department as a police officer and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

7. At all times herein mentioned, Defendant R. Cuellar De La Cruz, Star No. 7661, ("De La Cruz"), was employed by the Chicago Police Department as a police officer and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

8. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the Chicago Police Department. At all relevant times the City of Chicago was the employer of Ewing.

## FACTUAL ALLEGATIONS

9. On or about July 25, 2021, Plaintiff was lawfully located in a public place, near the intersection of Drexel and 45th Street, City of Chicago, County of Cook, State of Illinois.

10. At that place and time and place Defendant De La Cruz seized Plaintiff, handcuffed Plaintiff, and subjected him to a custodial arrest resulting in Plaintiff being transported to a Chicago Police facility.

11. There was no legal cause for De La Cruz to seize Plaintiff and/or subject him to a custodial arrest.

12. After arriving at a Chicago police facility Plaintiff was detained.

13. Defendants De La Cruz, Hopps, Davis, and McCabe each personally participated in and/or ordered Plaintiff's detention inside the Chicago Police Facility with the knowledge that there was not probable cause to detain Plaintiff for several hours.

14. No arrest warrant had been issued directing or authorizing the arrest or detention of Plaintiff.

15. Plaintiff did not consent to this detention.

16. After Plaintiff was00003 detained in police custody for several hours, he was issued multiple traffic tickets signed by Defendant De La Cruz.

17. There was not legal cause for De La Cruz to issue Plaintiff any traffic tickets.

18. After several hours, Plaintiff was released from police custody without any criminal charges.

19. By reason of the above-described acts and omissions of Hopps, Davis, McCabe, and De La Cruz, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

20. The aforementioned acts of Hopps, Davis, McCabe, and De La Cruz, were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiffs' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

21. By reason of the above-described acts and omissions of Hopps, Davis, McCabe, and De La Cruz, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### Plaintiff Against Hopps, Davis, McCabe, and De La Cruz For
### UNLAWFUL SEIZURE

22. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-one (21) hereat as though fully set forth at this place.

23. By reason of the conduct of Hopps, Davis, McCabe, and De La Cruz, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment of the Constitution of the United States and laws enacted thereunder.

24. The initial seizure and subsequent detention of Plaintiff by De La Cruz was without legal cause.

25. Hopps, Davis, McCabe, and De La Cruz all personally participated in detaining Plaintiff beyond the time reasonably necessary to issue Plaintiff traffic tickets, and this detention was without legal cause.

26. The seizure and prolonged detention of Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law. These acts were in violation of Plaintiff's Fourth Amendment rights. Therefore, Defendants, and each of them, is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

4

**COUNT II**
**Plaintiff against Defendants De La Cruz for**
**<u>MALICIOUS PROSECUTION</u>**

27. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-one (21) hereat as though fully set forth at this place.

28. Defendant De La Cruz subjected Plaintiff to prosecution for four (4) alleged violations of the Illinois vehicle code, and participated in a deprivation of Plaintiff's liberty without probable cause.

29. Defendant De La Cruz did not have probable cause to believe Plaintiff had committed any of the four alleged violations of the Illinois Vehicle Code or to cause Plaintiff to be subjected to any pretrial restriction of his liberty.

30. Defendant De La Cruz knew that Plaintiff's arrest and prosecution for alleged violations of the Illinois Vehicle Code were not based upon sufficient evidence to reasonably conclude Plaintiff had committed any of the alleged violations.

31. The charges alleging violations of the Illinois Vehicle Code that Defendant De La Cruz initiated against Plaintiff all terminated in Plaintiff's favor when they were voluntarily dismissed on September 13, 2021.

32. As a result of the foregoing, Plaintiff has sustained damage.

33. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment of the Constitution of the United States and laws enacted thereunder. Therefore, Defendant is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

5

## COUNT III
### Plaintiff against Defendant Hopps and the
### City of Chicago for
### FALSE IMPRISONMENT

34. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-one (21) hereat as though fully alleged at this place.

35. Defendant Hopps and other officers committed the tort of false imprisonment when they caused Plaintiff to be physically restrained without his consent for several hours. Defendant Hopps and the other officers physically restrained Plaintiff in this manner without any reasonable grounds to believe Plaintiff had committed any offense.

36. The City of Chicago is liable to Plaintiff for the acts of Hopps and the other officers pursuant to the doctrine of *respondeat superior*.

37. As a result of these acts and/or omissions Plaintiff was damaged, and Hopps and the City of Chicago are all liable under the supplemental state law claim of false imprisonment.

## COUNT IV
### INDEMNIFICATION PURSUANT TO 745 ILCS 10/9-102
### AGAINST DEFENDANT CITY OF CHICAGO

38. Plaintiff re-alleges and incorporates the allegations of paragraphs 1 through thirty-seven (37) hereat as though fully set forth at this place.

39. The acts of Hopps and other officers were committed in the scope of their employment with the Defendant City of Chicago.

40. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-402, Defendant City of Chicago is liable for any judgments for compensatory damages in this case arising from the actions of Hopps and other officers.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, request judgment against the Defendants as follows:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants be required to pay Plaintiffs' attorney's fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than the City of Chicago be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff has such other and further relief as this Court may deem just and proper.

BY: s/Garrett Browne

ED FOX & ASSOCIATES, Ltd.
Attorneys for Plaintiff
118 N. Clinton St.
Suite 425
Chicago, Illinois 60661
(312) 345-8877
gbrowne@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: s/Garrett Browne

ED FOX & ASSOCIATES
Attorneys for Plaintiff
118 N. Clinton St.
Suite 425
Chicago, Illinois 60661
(312) 345-8877
gbrowne@efoxlaw.com